MORRIS GEWIRTZMAN, an Infant, by ISIDORE GEWIRTZ-MAN, His Guardian ad Litem, Respondent, *v.* BARNET SCHNEIDER et al., Copartners under the Firm Name of SCHNEIDER & ROSENBLUM, Appellants.

ISIDORE GEWIRTZMAN, Respondent, *v.* BARNET SCHNEIDER et al., Copartners under the Firm Name of SCHNEIDER & ROSENBLUM, Appellants.

*Negligence — streets — lumber ordered by general contractor for use by subcontractor and piled in street by employees of lumber dealer — child injured by falling of lumber — erroneous charge in action to recover for injuries that general contractor was alone responsible.*

*Gewirtzman* v. *Schneider* (2 cases), 222 App. Div. 655, reversed, (Argued May 4, 1928; decided May 29, 1928.)

APPEAL in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The second action, by the father of the plaintiff in the first, was to recover for loss of services and expense occasioned by the injuries. The infant plaintiff, a child about eight years of age, was walking along Union street in the borough of Brooklyn when some beams fell from a pile of lumber, which it is alleged defendants placed in the street, and struck him, causing the injuries complained of. Defendants were general contractors erecting a building and had ordered the lumber for use by a subcontractor. It appeared on the trial that the lumber had been delivered and piled by employees of the lumber

dealer and that defendants took no part in the unloading or piling thereof.

*Everett W. Bovard, Clarence E. Mellen* and *Norman G. Hewitt* for appellant.

*Harold R. Medina, William F. McNulty* and *Arthur J. Levine* for respondents.

Judgment of Appellate Division and that of Trial Term reversed and new trial granted, with costs to abide event, on the ground that the trial judge erroneously charged the jury that as a matter of law the pile of lumber was in the custody and control of the defendants, and that they were alone responsible for any negligence involved in the falling of the pile.

Concur: CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: POUND, J.